UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>GERINO LUNA-GARCIA,<br><br>Defendant/Petitioner. | NO. CR-02-6017-EFS<br><br>**ORDER DENYING DEFENDANT'S POST CONVICTION MOTION PRO SE UNDER APPRENDI'S LAW TO DISMISS WITH SUPPORTING MEMORANDUM OF LAW** |

Before the Court, without oral argument, is Gerino Luna-Garcia's Post Conviction Motion Pro Se Under Apprendi's Law to Dismiss with Supporting Memorandum of Law, ECF No. 122. Mr. Luna-Garcia's motion challenges the constitutionality of the Indictment, ECF No. 1, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He asks the Court to dismiss the Indictment as a violation of the Fifth and Sixth Amendments to the U.S. Constitution. Mr. Luna-Garcia's motion appears to be a habeas petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Accordingly, the statute Mr. Luna-Garcia may rely upon to bring such an action is 28 U.S.C. § 2255. *See Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 2005).

However, Mr. Luna-Garcia's motion neither cites to § 2255 nor complies with the requirements of the Rules Governing Section 2255 Proceedings for the United States District Courts. And even if it did,

ORDER * 1

it is unlikely that his motion would have been timely: Mr. Luna-Garcia was sentenced on March 24, 2006, ECF No. 98; the Judgment in a Criminal Case, was entered on March 29, 2009, ECF No. 99; and his two appeals to the Ninth Circuit were dismissed as untimely on March 12, 2009, ECF No. 108, and as duplicative of the first appeal on October 22, 2009, ECF No. 120. Thus, his February 22, 2011 motion would have been filed past § 2255's one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Fed. R. App. P. 4(b)(1)(A)(i); *see Clay v. United States*, 537 U.S. 522 (2003); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (finding that the statute of limitations begins to run "upon the expiration of the time during which [the petitioner] could have sought review by direct appeal").

Accordingly, **IT IS HEREBY ORDERED**: Gerino Luna-Garcia's Post Conviction Motion Pro Se Under Apprendi's Law to Dismiss with Supporting Memorandum of Law, **ECF No. 122**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to:

A. Enter this Order;

B. Provide a copy of this Order to Defendant/Petitioner Gerino Luna-Garcia at the following address:

> Gerino Luna-Garcia # 15591-085
> F.C.I. - Dalby
> 805 North Avenue F
> Post, TX 79356

**DATED** this   18th   day of May 2011.

s/Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2002\6017.habeas.wpd

ORDER * 2